Argued May 23, reversed and remanded with instructions July 5, 1978

STARR, *Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(WCB No. 76-4902, CA 10062)
580 P2d 1043

Robert K. Udziela, Portland, argued the cause for petitioner. On the brief were Pozzi, Wilson, Atchison, Kahn & O'Leary, and Mark Braverman, Portland.

Earl M. Preston, Associate Counsel, State Accident Insurance Fund, Eugene, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges

SCHWAB, C. J.

## SCHWAB, C. J.

The question in this workers' compensation case is whether the claimant is permanently and totally disabled. We hold that, upon the record before us, he is.

Claimant is 44 years old. He ended his formal education in the seventh grade, and since leaving school he has engaged in various occupations, all involving physical labor. He suffered a compensable injury to his low back in August, 1974, while changing truck tires. As a result of his injury he has undergone several surgical procedures, major and minor, including two laminectomies.

Following a hearing which took place in 1977, the referee, in the course of giving him an award of 80 percent of the maximum available for permanent total disability, stated:

"* * * The referee believes that claimant does experience the residuals testified to by him and that the same are materially disabling. The medical evidence contained in the record supports claimant's testimony in this regard. It appears to the referee that claimant has been excluded from his primary occupation as well as other occupations in the general labor market which require lifting, repetitive bending, repetitive stooping, prolonged sitting, prolonged walking or prolonged standing. * * *"

The Workers' Compensation Board affirmed. The referee's conclusions as to claimant's physical limitations were conservative when weighed against the final and uncontroverted report of Dr. James Dunn, who had performed some of the surgical procedures. He states in pertinent part:

"Based on the psychological report on Mr. Starr performed by the Workmen's Compensation Board, and by the pain pattern being one of intractable pain, it is reasonable to assume that he will be able only to do the most sedentary type of work requiring minimal physical talents and possibly on a part-time or intermittent work-schedule basis."

Reduced to its essential elements, the State Accident Insurance Fund's answer to the conclusions of Dr. Dunn and the referee is twofold: (1) the claimant is not credible, and (2) part of claimant's difficulty is due to some unrelated prior injury. On the credibility issue SAIF primarily relies upon the fact that, in the words of SAIF's counsel at the hearing:

> "His [claimant's] hands appear to have callouses; they appear to have work stains such as grease or some pigmentation from paint or something like that."

Claimant explained this by saying he had a hobby of loading rifle shells and this activity caused the discoloration of his hands. There is no other evidence on this subject.

The only evidence supporting SAIF's other contention is the statement in the report of one of the examining physicians:

> "* * * Of some concern to me is the fact that some time in the past he has had an upper lumbar injury for which we have no history. How much it is contributing to his current symptoms is uncertain."

It may be that other evidence could have been produced to support SAIF's contentions, but we can weigh only the record, not the argument.

Reversed and remanded with instructions to enter an order in accordance with this opinion.